Filed 6/21/16  P. v. Jimenez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051118 |
| v. | (Super. Ct. No. 13NF4396) |
| JOSE RAUL JIMENEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Lise S. Jacobson and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted Jose Raul Jimenez of the misdemeanor crimes of indecent exposure (Pen. Code, § 314, subd. (1); all statutory references are to this code), and window peeking while loitering on another person's private property (§ 647, subd. (i)).[1] He contends there is insufficient evidence to sustain the conviction for indecent exposure. For the reasons expressed below, we affirm.

I

### FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2013, around 1:30 a.m., 13-year-old Julia C. was watching television in her bedroom. Jimenez ran past her window, then came back and stood in some bushes and faced the window. He unbuckled his belt, and she saw his pants were unbuttoned and his zipper was down. He touched his groin area. Julia did not see his genitals. She turned away and tried to ignore him. When she next looked out the window, Jimenez had pulled up his pants, and he held a screwdriver. He pushed the screwdriver against the window frame or screen. Julia summoned her mother, who turned out the lights and phoned the police. Julia told an officer later she believed Jimenez was urinating.

Anaheim Police Officer Ryan Hunter saw Jimenez standing outside the window with his pants unbuttoned, and his underwear pulled down, exposing his upper pubic region and pubic hair. His genitals were not exposed. Jimenez consented to a search of his person, and the officer found an empty condom wrapper and a small eyeglass-type screwdriver in Jimenez's pants pocket. Officers also found a condom on the ground directly in front of the window about two feet from Jimenez. The window screen appeared intact without notches or scratches. There were no scratches or marks on the screwdriver.

---

[1] The trial court dismissed a felony charge of attempted residential burglary after the jury could not reach an unanimous verdict.

2

Jimenez initially told an officer he was about to urinate against the building when the officers approached him. He then altered his account, stating he had urinated and then scratched his penis to relieve an itching sensation. When told a camera had recorded him, he admitted masturbating for 10 to 15 minutes. He also explained he took the condom out of his pocket, but did not put it on. He did not pull his pants all the way down and claimed he did not see anyone inside the apartment.

II

DISCUSSION

*Evidence Sufficiently Proved Jimenez Exposed His Private Parts*

Jimenez challenges the sufficiency of the evidence to support his conviction for indecent exposure. The test for sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Johnson* (1980) 26 Cal.3d 557, 576-578 (*Johnson*).) The reviewing court reviews the whole record and evidence in the light most favorable to the judgment below and determines whether the record contains substantial evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. (*Johnson, supra,* at p. 562; see *People v. Sanchez* (1995) 12 Cal.4th 1, 32 [standard of review is same where prosecution relies mainly on circumstantial evidence].) The evidence must be of ponderable legal significance, reasonable in nature, credible and of solid value. (*People v. Albillar* (2010) 51 Cal.4th 47, 60; *People v. Bassett* (1968) 69 Cal.2d 122, 139 [circumstances reasonably reconcilable with a not guilty finding does not warrant a reversal if substantial evidence supports the judgment].)

Section 314 provides, "Every person who willfully and lewdly, either: 1. Exposes his person, or the private parts thereof, in any public place, or in any place where

there are present other persons to be offended or annoyed thereby . . . is guilty of a misdemeanor." (§ 314, subd. (1).)

"Generally, a conviction for indecent exposure requires proof of two elements: '(1) the defendant must willfully and lewdly expose the private parts of his person; and (2) such exposure must be committed in a public place or in a place where there are present others to be offended or annoyed thereby.'" (*People v. Carbajal* (2003) 114 Cal.App.4th 978, 982 (*Carbajal*).) The statute does not require anyone to see the perpetrator's genitals, only that the perpetrator display his or her genitals in a public place or place where others are present. (*Ibid.*) Exposure of the genitals may be inferred if there is "sufficient circumstantial evidence to show that actual exposure occurred." (*Carbajal*, *supra*, at p. 986.)

In *Carbajal*, the victim, a restaurant cashier, observed the defendant masturbating at her workplace on two occasions. On the first occasion, he placed his hand inside his shorts and moved it up and down for five to 10 minutes. A few weeks later, she saw him masturbating again. She did not see his penis but saw the skin of his fist while he made "strong movements." (*Carbajal, supra,* 114 Cal.App.4th at p. 981.) He wiped his hands with a napkin, and placed a newspaper over a "puddle of semen" on the floor. (*Ibid.*) A second employee also saw the defendant's fist move up and down in his crotch area. *Carbajal* concluded there was sufficient circumstantial evidence the defendant exposed his genitals because the victim saw the exposed skin of the defendant's hand while he masturbated, and the defendant's penis must have been outside his shorts because the semen was found on the floor rather than being deposited on the defendant's clothing. (*Id.* at p. 987.)

Jimenez states he could have undone his belt and unzipped his pants to give himself enough room to place his hands inside of his pants to masturbate. "The logical conclusion is he unbuttoned his pants to give himself enough room to place his hands inside of his pants to masturbate. If he had exposed his penis, his underwear would have

4

been pulled lower." He also states the "open condom on the ground" suggests that "in order to keep his clothes clean, [Jimenez] placed a condom on while he masturbated inside of his underwear" because there would be no reason to use a condom if he were to ejaculate onto the ground.

Here, Jimenez told officers he was urinating when he decided to masturbate. Because there was no evidence he urinated inside his pants, and no evidence he pulled up his pants to masturbate after urination, the jury reasonably could conclude his penis was exposed during urination and masturbation. Sufficient circumstantial evidence shows actual exposure of Jimenez's private parts occurred. (*Carbajal*, *supra*, 114 Cal.App.4th at p. 986; cf. *People v. Massicot* (2002) 97 Cal.App.4th 920, 922 [the defendant wore flesh-colored lace underpants exposing his buttocks, but covering his genital area; the victim could not see his penis through the underpants].)

## III

### DISPOSITION

The judgment is affirmed.


ARONSON, ACTING P.J.

WE CONCUR:


FYBEL, J.


IKOLA, J.

5